**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_Mary Ann Whipple_
United States Bankruptcy Judge

**Dated: March 12 2015**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-30511 |
| | ) | |
| Todd Zappone, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER REGARDING AMENDED MOTION TO SHOW CAUSE

This matter is before the court on Debtor's Amended Motion to Show Cause, which he docketed and the court construes as a motion for sanctions for violation of the automatic stay, ("Motion") [Doc. # 9] and the response filed by Farmers & Merchants Bank ("the Bank") [Doc. # 21]. Debtor seeks an order finding certain collection efforts of the Bank to be a violation of the automatic stay. The court held a hearing on March 11, 2014, at which Debtor, Debtor's counsel and counsel for the Bank attended in person.

The following facts are not in dispute. Debtor, his non-debtor spouse, Ohio Scrap Corporation ("Ohio Scrap") and Superior 24 Hr. Road Service and Towing, L.L.C. ("Superior") are co-makers on a promissory note owed to the Bank. Debtor and/or his wife own or have a membership interest in Ohio Scrap and Superior.[1] After default on the Promissory Note, the Bank obtained a cognovit judgment in the amount of $843,953.43 against all co-makers on the Note. [*See* Doc. # 21, Ex. B]. Thereafter, the Fulton

---
[1] As of the hearing, Debtor's schedules had not yet been filed.

County, Ohio, Court of Common Pleas issued a writ of execution for five pieces of equipment ("the Equipment"). On February 20, 2015, the state court entered an order finding, and Debtor concedes, that the Equipment is owned by Ohio Scrap and/or Superior, and it appointed an auctioneer to conduct a sale of the Equipment. [*Id.*, Ex. F].

On February 26, 2015, Debtor filed his petition for relief under Chapter 13 of the Bankruptcy Code. On that same date, counsel for the Bank sent a letter to Debtor's attorney stating that the Bank intends to proceed with its efforts to sell the Equipment since the Equipment is owned by Ohio Scrap and/or Superior and is, therefore, not property of Debtor's bankruptcy estate. [*Id.*, Ex. G]. According to counsel for the Bank, the Fulton County Sheriff has been instructed not to proceed to transfer the Equipment to the auctioneer's facility until the court rules on Debtor's motion.

Debtor argues that the Bank's continued attempt to execute on the cognovit judgment against the Equipment is a coercive attempt to collect its judgment against Debtor and, as such, is a violation of the automatic stay. The court disagrees.

A statutory automatic stay arises upon the filing of a bankruptcy petition. 11 U.S.C. § 362(a). By its express terms, § 362(a) applies only to protect the debtor, *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196 (6th Cir. 1983) (stating that § 362(a) "fails to intimate, even tangentially, that the stay could be interpreted as including any defendant other than the debtor), property of the debtor and property of the estate. Debtor's ownership interest in either or both of the entities does not convert the Equipment as property owned by the entities into either property of the debtor or property of the estate subject to protection by the automatic stay. *See In re Breece*, No. 12-8018, 2013 Bankr. LEXIS 203, *9 (6th Cir. B.A.P. Jan. 18, 2013). That Congress recognized that § 362(a) does not apply to protect a debtor from the indirect pressures that may be exerted by creditors' collection efforts against codebtors and their assets is apparent by its enactment of 11 U.S.C. § 1301, which provides for a stay of collection efforts against a codebtor. *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 121, 426 (1977). However, Congress expressly limited the reach of the codebtor stay to collection of consumer debts. 11 U.S.C. § 1301(a).

The court thus concludes that the Bank's collection efforts at issue directed at the business entities Ohio Scrap and Superior do not constitute a violation of the automatic stay under § 362(a). Nor do they constitute a violation of the codebtor stay under § 1301 as there is no dispute that the Bank's collection efforts relate to a business debt, not a consumer debt.

**THEREFORE**, for the foregoing reasons and those stated by the court at the hearing, for good cause

shown,

**IT IS ORDERED** that Debtor's Motion [Doc. # 9] be, and hereby is, **DENIED.**

###

3

15-30511-maw    Doc 25    FILED 03/12/15    ENTERED 03/12/15 15:32:01    Page 3 of 3